Eastern District.
*May*, 1830.

SAUL
*vs.*
HIS CREDITORS

*SAUL vs. HIS CREDITORS.*

The sale of stock, by the syndics of an insolvent who was bound to return it, changes the nature of his obligation into one for the payment of money, puts the parties in the precise situation of creditor and debtor, and gives rise to compensation.

APPEAL from the court of the first district.

The Bank of Orleans, filed their opposition to the tableau of the insolvent, and contended that from the sum of seven thousand six hundred and seventy-two dollars and twenty-five cents, allowed to the estate of Morgan, there ought to be deducted six thousand eight hundred dollars, being the amount which was to be paid to Astor, of New-York, by the syndics of Saul, on an accommodation note of Morgan's endorsed by Saul, and for which no consideration had been received.

It appeared, that the amount for which the syndics of Morgan had been placed on the tableau, was produced from the sale of stock belonging to Morgan, which remained in the possession of Saul at the time of his failure, and was sold by his syndics as part of his estate. The only question in the case was, whether the syndics of Saul had a right to retain the pro-

ceeds of the stock, on account of the payment and liability to Astor.

The court below sustained the opposition, and the syndics of Morgan appealed.

*Eustis,* for appellant.
*Pierce* and *Slidell,* for appellee.

MATHEWS, J. delivered the opinion of the court. The present opposition to the claim of Morgan's syndics, involves a question of compensation or set-off. By a decision of this court, found in 7 *Mart. Rep. n.s. p.* 601, it was settled, that the syndics of Morgan's estate had a right to recover from the estate of Saul, a certain amount of stock of the Bank of Orleans, which was intended to have been given by Saul to Morgan in exchange for a similar amount transferred from the latter to the former, but not having been delivered to Morgan, remained as a part of Saul's estate at the time of his failure, and as such, was sold by his syndics. It is not contended that this sale was illegal, but that the price for which it was sold is due to Morgan's estate. It seems, from the opposition now filed on the part of the Bank of Orleans, that a sum of seven thousand six hundred and seventy-two dollars and twenty-five cents was allowed to

Eastern District.
*May*, 1830.

SAUL
*vs.*
HIS CREDITORS

The sale of stock by the syndics of an insolvent who was bound to return it, changes the nature of his obligation into one for the payment of money, puts the parties in the precise situation of creditor and debtor, and gives rise to compensation.

the estate of B. Morgan, from which the intervening party claims a deduction to the amount of six thousand eight hundred dollars, being a sum paid or to be paid by Saul's syndics, on account of his endorsement on an accommodation note of Morgan's, held by John J. Astor, &c. By the sale of the stock, the estate of Saul became debtor to that of Morgan for its price; and by the payment of Morgan's debt, his estate is debtor to Saul's, *pro tanto.* This appears to us to make a case in which compensation legally takes place. The sale of the stock by the syndics of Saul's estate, changed the nature of the obligation to return the thing into one for the payment of money, and puts the parties in the precise situation of creditor and debtor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.